[Civ. No. 976.   Fourth Appellate District.—September 22, 1932.]

JOHN HAYES, Jr., Respondent, v. HENRY E. KNERR, Appellant.

Henry M. Lee for Appellant.

A. W. Sorenson and Margaret E. Faires for Respondent.

MARKS, J.—Appellant and respondent were copartners engaged in construction work. A written partnership agreement was executed in April, 1926, which, among other things, provided that all losses and profits resulting from partnership operations were to be shared equally by the partners. During October, 1928, they effected a voluntary dissolution of the partnership and attempted to arrive at an amicable distribution of the partnership assets. They were unsuccessful in reaching such a settlement and this litigation followed, which resulted in an accounting and a judgment in favor of respondent in the sum of $1795.58. Appellant has appealed from this judgment and the order denying his motion for new trial. Such order is not appealable (sec. 963, Code Civ. Proc.).

While appellant states various grounds for a reversal of the judgment, we need consider but one of them here, namely, the charging against him on the accounting of $10,000, the par value of participating certificates or bonds of the Arcady Apartment Hotel Company, originally a partnership asset, when these certificates did not have a market value of that amount. In his opening brief appellant thus states the question before this court: "If the bonds were to be charged to defendant at their face, or $10,000.00, then on the accounting plaintiff would be entitled to judgment against defendant for the sum of $1,795.58. But if chargeable at their market value, which the undisputed evidence shows is nothing, then the plaintiff would not be entitled to anything and the defendant would be entitled to judgment against the plaintiff in the sum of $3,204.42."

After the parties had agreed to dissolve the partnership and while they were attempting to strike a balance on the partnership accounts, appellant gave to respondent three writings as follows:

"Los Angeles, Calif. Jan. 14th, 1929.
"For and in consideration of the contract entered into by Christ Thorne and John Hayes for brick and hollow

tile work in Ford Garage Glendale cal. I agree to accept $10000.00 of Arcady Apartment Hotel Co. Certificates.

"H. E. KNERR."

"Los Angeles, Calif., Jan. 14th, 1929.
"Mr. Christ Thorne,

"Please pay to John Hayes out of balance remaining to my credit on Glendale High School brick, tile and stone contract Five Thousand Dollars ($5000.00) Above to be paid when due, according to contract.

"H. E. KNERR."

"Los Angeles, Calif. Jan. 14th, 1929.

"Our books at this date, apper to show a balance due John Hayes of about Two Thousand Dollars (2000.00)

"Proper balance to be determined by an audit of our books.

"H. E. KNERR.
"JOHN HAYES."

From the evidence submitted by respondent it appears that on January 14, 1929, he had a contract with one Christ Thorne to do the necessary brick and tile work on a garage building in the city of Glendale; that appellant desired to acquire this contract and do the work called for under it; that appellant offered to pay respondent $5,000 and further to accept the participating certificates, or bonds, of the Arcady Apartment Hotel Company at their par or face value; that respondent assigned the Christ Thorne contract to appellant, who performed the work under it and appellant received the participating certificates or bonds and gave respondent the three writings heretofore quoted; and that respondent received the $5,000 called for in the order on Christ Thorne.

The trial court found that appellant agreed to and did take and accept these participating certificates or bonds at their face or par value of $10,000 and in the accounting charged them to him at such an amount. This finding is amply supported by the evidence. Appellant's testimony contradicted this evidence, but this merely created a conflict in the evidence which the court resolved against him. We cannot reverse a judgment because of a conflict in the evidence (24 Cal. Jur. 1013 and cases cited).

The attempted appeal from the order denying the motion for new trial is dismissed.

The judgment is affirmed.

Barnard, P. J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 20, 1932.